United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Tax Ease Funding, LP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-09-333 |
| | § | |
| Kenneth K. Kizzee-Jordan, | § | |
| | § | |
|     Defendant. | § | |

## Opinion on Appeal

1. **Introduction.**

   The debtor's wage-earner plan lowered a tax-lien creditor's interest rate. It should not have.

2. **Background.**

   Kenneth K. Kizzee-Jordan did not pay his local property taxes for 2002. These taxes are assessed on the market value of the land and buildings. The taxing authority has a lien on the property for unpaid taxes.

   CGI Financial, Inc., agreed to pay these taxes in return for Kizzee's promise to repay it and to agree to its having the tax lien on his land. In their agreement, Kizzee was to pay CGI $14,041 over 10 years at an interest rate of 18%. Two years later, CGI assigned its interests in the debt and lien to Tax Ease Funding, LP.

   In 2008, Kizzee petitioned for relief under Chapter 13 of the Bankruptcy Code. His plan had an interest rate at 12%. Six months later, he amended his plan to lower the interest rate to 8.5%. Tax Ease objected to this interest rate, saying it violated the statutory protection of tax liens. Tax Ease says that its tax-lien claim is immune from debtors changing interest rates on those claims. 11 U.S.C. § 511 (2006). The bankruptcy court confirmed the amended plan.

3. **Standard of Review.**

The appellate court reviews the bankruptcy court's conclusions of law **de novo** and its factual findings for clear error. Fed. R. Bankr. P. 8013, **Barron v. Countryman**, 432 F.3d 590, 594 (5th Cir. 2005).

4. **Tax Claims.**

The Bankruptcy Code protects third-party owners of tax claims from having their interest rates lowered. 11 U.S.C. § 511 (2006); **Till v. SCS Credit Corp.**, 541 U.S. 465, 474 (2004). When a tax claim is transferred to a private party, then it is similarly protected.

The character of a claim is determined by the substantive real-estate and commercial transaction generating the claim; the identity of the current holder does not affect the nature of the underlying debt. **In re Davis**, 352 B.R. 651, 654 (Bankr. N.D. Tex. 2006).

Kizzee's debt of $14,041 was originally owed to Spring Independent School District, Harris County, and six other local governments. In bankruptcy law, a tax claim is a debt originally owed directly to a governmental unit for unpaid ad-valorem property taxes. The origin of this debt is Kizzee's failure to meet his responsibility to local governments arising from his ownership of land; this debt is a tax claim.

The two transfers do not change the nature of the claim. Claims are protected. In a bankruptcy, tax claims are preferred to facilitate governments' recovering funds for operating. The law recognizes that the commonweal is better funded through third parties' accepting the delinquent taxpayer as a credit risk than by their efforts at lending and collecting.

Once Tax Ease acquired the tax claim from CGI, it became a third-party transferee of the local governments, just as CGI had been, and it is protected from changes in the holder's contractual interest rate. 11 U.S.C. § 511(a) (2006). The parties agreed to an interest rate of 18%. That contractual rate must be used in his plan.

While the contract rate may seem high in the abstract, the penalties and interest assessed by the government on unpaid taxes are also harsh. A delinquency incurs a 6% penalty plus 1% for each month late. After July 1 this penalty becomes 12% no matter

how late. Interest also accrues at one percent for each month overdue. Texas Tax Code § 33.01(a). No interest rate may responsibly be evaluated without an understanding of the credit risk; here, it was severe.

5. **Texas Tax Code § 32.065(c).**

When someone pays the real-property taxes of another, he is subrogated to the rights of the taxing unit. Texas Tax Code § 32.065(c). CGI paid the property taxes of Kizzee, and in return, it took the government's secured and protected place. Assignees and subrogees have legal identity with their predecessors-in-interest; they are collapsed as if no transfers had taken place. **U.S. v. California**, 507 U.S. 746, 756 (1993).

6. **Conclusion.**

The bankruptcy court erred in confirming the plan under Chapter 13 with a tax-lien interest rate lower than the contract. The interest rate of 18% will be restored.

Signed on September 28, 2009, at Houston, Texas.

*[signature]* USDJ

Lynn N. Hughes
United States District Judge